IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YOENIS P.P.,<br><br>                Petitioner,<br><br>     vs.<br><br>WARDEN OF THE MESA VERDE<br>DETENTION FACILITY, *et al.*,<br><br>                Respondents. | Civil No. 1:26-cv-03596-MWJS<br>ORDER GRANTING AMENDED<br>PETITION FOR WRIT OF HABEAS<br>CORPUS<br><br>A# 220-657-574 |

## ORDER GRANTING AMENDED PETITION FOR WRIT OF HABEAS CORPUS

Petitioner Yoenis P.P.[1] is an immigration detainee proceeding with an amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (the "petition"). Dkt. No. 9.

Petitioner is a noncitizen with a pending asylum application who has been detained without a bond hearing since he reported for an annual check-in with United States Immigration and Customs Enforcement in March 2026. *Id.* at pg. 5. Petitioner has no criminal history. *Id.*

---

[1]     For reasons previously explained in *Sergio D.L.S. v. Warden, Cal. City Correctional Ctr.*, No. 1:26-cv-02821-MWJS, 2026 WL 1049713, at *1 n.1 (E.D. Cal. Apr. 17, 2026), only Petitioner's first name and the initials of his last name are used in this order.

Petitioner now invokes this court's habeas jurisdiction, contending that his arrest and detention, without any pre-deprivation process, violate, among other things, his constitutional due process rights. *Id.* at pgs. 9–10. This court and many others have granted relief in cases analogous to this one. *See, e.g., A.J.S.M.P. v. Mullin*, No. 1:26-cv-03163-MWJS, 2026 WL 1190220 (E.D. Cal. Apr. 29, 2026), *Danilo J.Q.E. v. Mullin*, No. 1:26-cv-03370-MWJS, 2026 WL 1257548 (E.D. Cal. May 7, 2026). The court has again considered these precedents and concluded that they reached the correct result based on the current state of Supreme Court and circuit precedent. To resolve this case, therefore, the court need only determine whether there is any factual or legal basis to distinguish those prior decisions.

The court issued an order to show cause, calling on Respondents, among other things, to identify "any factual or legal issues in this case that render it distinguishable from cases" like those listed above. Dkt. No. 10. The court appreciates Respondents' timely opposition. Dkt. No. 11. Although Respondents maintain that Petitioner's detention is lawful, they make no effort to distinguish this case from those cited above. Indeed, Respondents acknowledge that this case "is not substantively distinguishable from [the] set of prior orders referenced by the [c]ourt." *Id.* at pg. 1.

Given the lack of any factual or legal issues in this case that would distinguish it from the prior orders that this court has found persuasive, IT IS HEREBY ORDERED that the amended petition for writ of habeas corpus, Dkt. No. 9, is GRANTED as to

Claim Two, to the extent Petitioner argues that his due process rights have been violated.  Because it is unnecessary to resolve the other count in the petition, the court declines to do so.

Respondents are ORDERED to immediately release Petitioner Yoenis P.P. (A# 220-657-574) from their custody.  Respondents shall not impose any additional restrictions on Petitioner, unless that is determined to be necessary at a future pre-deprivation/custody hearing.  Respondents are permanently ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice describing the change of circumstances necessitating Petitioner's arrest and detention, and a timely hearing.  At any such hearing, the government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner shall be allowed to have their counsel present.  This order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal, or in the event exigent or urgent circumstances arise that justify arresting and detaining Petitioner before pre-deprivation process can be provided.

//

//

//

//

3

The Clerk of Court is DIRECTED to close this case and enter judgment for

Petitioner.

IT IS SO ORDERED.

DATED:  May 27, 2026, at Honolulu, Hawai'i.



/s/ Micah W.J. Smith
_____
Micah W.J. Smith
United States District Judge

Civil No. 1:26-cv-03596-MWJS; *Yoenis P.P v. Warden of the Mesa Verde Detention Facility,* et al.; ORDER GRANTING AMENDED PETITION FOR WRIT OF HABEAS CORPUS